## Kauffman *against* Sailor.

A testator devised a plantation to his three grandsons, and added, " it is my will that my three grandsons, or their guardians, pay to my beloved wife Susannah 25 dollars, twenty bushels of wheat, ten bushels of rye, ten of corn, and ten of oats, two tons of hay, &c., yearly, and every year, during her natural life or widowhood." And, by a codicil to his will, he bequeathed as follows : " I give to my granddaughter Mary Ann, the one fourth part of the rent, deducting first the expense therefrom, that is of the plantation where I bequeathed to my three grandsons." Held, that Mary Ann was entitled to the one fourth part of the whole rent of the plantation, and was not limited to the one fourth after deducting the bequest annually payable to the widow.

ERROR to the common pleas of *Cumberland* county.

Joseph Kauffman and Mary Ann his wife, against George Sailor, John Sailor and Mathias Sailor. *Assumpsit.*

The parties to this suit agree to the following facts, and that they be considered in the nature of a special verdict, upon which the court shall render a judgment, with leave, to either party, to sue out a writ of error without oath or bail.

John Sailor, in his lifetime, was seised of real estate, to wit, several farms ; and, on the 8th of May 1828, he made his last will and testament, and, on the 13th of May 1828, a codicil thereto, which were duly proved on the 10th of October 1828, and letters issued on the same to William Senseman. By his said will, he devised to his three grandsons, George Sailor, John Sailor and Mathias Sailor, a farm, on which Christian Spidle then lived, and another tract of land called Green Bank, to be divided between them, as by his said will appears. He bequeathed to his granddaughter Mary Ann Sailor, (now the wife of the plaintiff) 900 dollars, which he charged upon the land devised to his said three grandsons. The testator also directs as follows : " Item ; it is my will that my three grandsons, or their guardians, pay to my beloved wife Susannah 25 dollars, and twenty bushels of clean wheat, and ten bushels of rye, ten of corn, and ten of oats, and two tons of hay to be hauled to her barn, and the grain in the mill, if she wants it, yearly, and every year, during her natural life or widowhood." By the codicil to the said will, the testator bequeaths as follows: " I give to my granddaughter Mary Ann Sailor, the one fourth part of the rent, deducting first the expense therefrom, that is of the plantation where I bequeathed to my three grandsons, George, John and Mathias Sailor. It is my desire, when my grandson John arrives to the age of twenty-one years, it shall be divided and praised: after that time, she is to draw no more of the rent ; and, whereas, in and by my last will

[Kauffman v. Sailor.]

and testament, I have given and bequeathed to her 900 dollars out of the plantation for her full share of legacy as aforesaid." And it is hereby agreed that every part of the said will and codicil shall be considered as a part of this special verdict, as if particularly incorporated into it. The guardians of the said minor children rented the said plantation so devised to the three grandsons, and received the rents and profits thereof, out of which they paid the taxes and repairs, &c., and paid to the widow the said 25 dollars, twenty bushels of wheat, ten bushels of rye, ten bushels of corn, and ten bushels of oats; and divided the balance into four parts, giving one part to each of the three grandsons, and one part to the said Mary Ann, under the impression that, by the legal construction of the said will and codicil, the said payments to the widow were to be deducted out of the whole proceeds before a division among the said four grandchildren, thus charging Mary Ann with her proportion of the widow's annual bequest for eight years, to wit: from 1829 to 1836 inclusive, and this action was instituted to recover the value of the said grain and money thus alleged by the plaintiff to have been misapplied. And the parties agree that the amount to be recovered by the plaintiff, if he be entitled to recover at all, shall be according to the following statement:

| | |
|---|---:|
| Cash payable to the widow, . . . . . . | $25 00 |
| 20 bushels of wheat, . . . . . . | 20 00 |
| 10   do.   of rye, . . . . . . . | 5 00 |
| 10   do.   of corn, . . . . . . . | 5 00 |
| 10   do.   of oats, . . . . . . . | 2 50 |
| $\frac{1}{4}$ ) | 57 50 |
| | 14 37$\frac{1}{2}$ |
| | 8 years |
| | $115 00 |

The only fund bequeathed by testator to his said three grandsons, out of which said annual payment and grain to his widow can arise or be made, are the rents, or yearly produce, of the said land devised to them.

If, upon the foregoing facts, the court is of opinion the *plaintiffs* are entitled to recover the said claim, then judgment to be entered for them against defendants for said 115 dollars, with interest thereon from the institution of this suit; otherwise, judgment to be entered for the defendants.

The court below was of opinion that the plaintiffs were not entitled to recover; and rendered a judgment for defendants.

[Kauffman v. Sailor.]

*Watts,* for plaintiffs in error.
*Hepburn,* for defendant in error.

The opinion of the court was delivered by

KENNEDY, J.—It appears to us that the court below erred in charging the jury that the plaintiff, under a proper construction of the will of John Sailor, was only entitled to claim and recover one fourth part of the rent of the farm lying in Silver Spring township, after deducting first therefrom the value of the widow's annuity, given to her by the will in the following words, to wit, "it is further my will, that my three grandsons or their guardians pay to my beloved wife Susannah 25 dollars, and twenty bushels of clean wheat, and ten bushels of rye, ten of corn, and ten bushels of oats, and two tons of hay, to be hauled to her barn, and the grain in the mill, if she wants it, yearly, and every year during her natural life or widowhood." The words of the will or codicil thereto, in which the bequest in question is contained, are, "I give to my granddaughter Mary Ann Sailor the one fourth part of the rent, deducting first the *expense* therefrom, that is, *of the plantation,* where I bequeath to my three grandsons George, John and Mathias Sailor. It is my desire, when my grandson John arrives to the age of twenty-one years, it shall be divided and praised; after that she is to draw no more of the rent." In a previous part of the will this plantation, as also a tract of wood land called "Green Bank," is devised to his three grandsons, to be equally divided between them when John should arrive at the age of twenty-one years, except that John was to have 100 dollars more allowed to him in dividing the plantation than either of his brothers, subject to the payment of 900 dollars to his granddaughter Mary Ann Sailor by them after they should arrive at the age of twenty-one years; each to pay to her 100 dollars annually, until the amount should be fully paid; but in case any of the grandsons should die before the age of twenty-one years *or (and)* without lawful issue, *their* (his) whole legacy to be divided among the survivors. The court below seems to have been impressed with the idea that the annuity granted to the widow was charged upon the plantation, and was to *be paid out of the rents, issues and profits thereof*; for the president judge, in his charge to the jury, says, " the claim of the widow (meaning her annuity) is *specifically out of the land,* and charged upon it. It constitutes an incumbrance upon it *issuing yearly out of it.*" And then concludes by saying that, "as the testator had before disposed of a *portion of the annual value of the plantation* (meaning the annuity) in favour of the widow, and made it a charge upon the land, there was but a *residuum* in the three devisees (meaning the three grandsons). It is only the *annual profits accruing to them* out of the land beyond expenses that are to be divided under the codicil;" that is, as the court held, the surplus of the rent or annual profits remaining, after paying the widow out of the same

her annuity, as well as the ordinary annual expenses of the plantation as a farm, consisting of repairs, taxes, &c.

Now although it may be conceded that the three grandsons were ordered by the testator to pay the annuity to the widow in respect or consideration of the lands devised to them, yet it does not follow by any means, that the annuity was to be paid out of the *annual profits of the land* devised, unless the language employed shows that such was the intent of the testator. No language of the kind, however, appears to be connected with the widow's annuity. The testator merely wills that his three grandsons or their guardians shall pay the annuity to his wife, without making mention of the lands devised to them, or any allusion whatever to the rents, issues or profits of the same. But it has been said that the testator must have intended the annuity to be paid out of the profits of the plantation, because no other fund is given by the will to them for that purpose. But why should the testator furnish them with funds for such purpose? Was it not enough to induce them to pay the annuity out of funds previously owned by them, or produced otherwise, that the estate devised to them was vastly more valuable than the annuity? We are not to assume that the grandsons had no means of paying the annuity, other than out of the rents or annual profits of the plantation, because it is no part of the case stated, and, for any thing we know, they had ample means of doing so. We therefore think the court below fell into an error in considering that the amount of the widow's annuity formed a part of the annual expense of the plantation according to the meaning of the testator; and that it was consequently to be deducted first from the rent of the plantation, before the plaintiff's claim in amount could be ascertained. Upon looking throughout the whole of the will, we are unable to perceive any thing which tends to show that the testator intended to use the word "expense" in reference to the plantation in any other sense than in the ordinary one affixed to it in such case. The question then is, what is meant by the current and annual expense of a farm or plantation, where it is directed to be deducted out of the rent of it? Certainly nothing, at most, beyond the taxes assessed and the repairs made thereon.

Judgment reversed, and judgment rendered for the plaintiff.